UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEXANDER HOLMES,

                    Plaintiff,

          -against-

C.O. MS. TORRES, ET AL.,

                    Defendants.

24-CV-3062 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who currently is incarcerated at Fishkill Correctional Facility, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that Defendants violated his rights.[1] By order dated June 24, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[2] For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff 30 days' leave to replead his claims in an amended complaint.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune

---

[1] Plaintiff originally filed this action in the United States District Court for the Northern District of New York. *See Holmes v. Torres*, No. 9:24-CV-0249 (N.D.N.Y. Apr. 4, 2024). By order dated April 4, 2024, the Northern District transferred this action to this court. (ECF 6.) On April 23, 2024, the Court directed Plaintiff to submit an updated prisoner authorization (ECF 9), which Plaintiff did on May 30, 2024.

[2] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff's 51-page submission includes approximately 30 handwritten pages listing the defendants he seeks to sue in this action. Many of the defendants appear to be individual correction officials at Green Haven Correctional Facility or the Nassau County Correctional Facility. Other defendants include the "Central Monitoring Office of Albany" (ECF 1, at 3); "Mental Health Joe," who is located in East Meadow, New York (*id.* at 4); "All E. Block officials/staff" at Green Haven (*id.* at 10); "All incarcerated individuals on E-Block" (*id.*); Nassau County Probation Officer Blalock; various named incarcerated individuals; Nassau County Assistant District Attorney Eugenia Soldatos; the "gang unit of Nassau County Correctional Facility" (*id.* at 16); "Green Haven commissary civilians" (*id.*); "Nassau County correctional facility Mail Room" (*id.*); and "JPay kiosk system" (*id.* at 23), among many others.

Plaintiff states that the events giving rise to his claims occurred "inside of court and out the perameter of court and jail . . . in the wee hours" of November 14, 2018. (ECF 1-1, at 13.)[3] He also states that the events occurred at Downstate, Green Haven, and Nassau County Correctional Facilities.

Plaintiff asserts that "all Defendants acted in A grossly counter Productive manner Pursuant to § 75 of the NYS Civil Service." (*Id.*) He alleges,

> Under color of all laws pertaining to the circumstance(s) of prison 1st 3rd 8th Amendment right just to name a few privileges by violating crr. lw. from disciplinary. Also stripping me of my secured immunities by signing my name on a check . . . sent by Midstate violation of the UCC because I was shown 1 and drawn out a check to me[.] But I got no proceed(s) of it embezzlement!

(*Id.* at 14.)

Plaintiff further alleges,

> Blood diamond clean diamond example funds derived from the sale of rough diamonds in which are being used by rebels and state actions to finance military activities, overthrow legitimate governments, subvert international efforts to promote peace and stability and commit horrifying atrocities against unarmed civilians. During the past decade. More than 6,500,000 people from Sierra Leone, Angola and the Democratic Republic of the Congo have been driven from their houses by wars waged in large part for control of diamond mining areas. A million of these are refuges eking out a miserable existence in neighboring countries, and tens of thousands have fled to the United States approx. 3,700,000 have died during these wars.

(*Id.* at 16-17.)

Plaintiff also alleges,

> Also violating my 8th Amendment right by allowing locking me in the special housing unit to then live to 80 South Swan Street and say to protect me but its not then they lie to controle monitoring and say I'm doing wrong and they lie to the

---

[3] Plaintiff writes using irregular capitalization. For readability, the Court uses standard capitalization when quoting from the complaint. All other spelling, grammar, and punctuation is as in the original unless otherwise indicated.

parole officer saying saying I'm bad and out of control. After writtting to the civil service.

(*Id.* at 19.)

Plaintiff seeks $500,000 in damages.

## DISCUSSION

### A.    **Rule 8 of the Federal Rules of Civil Procedure**

Although *pro se* litigants enjoy the Court's "special solicitude," *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (per curiam), their pleadings must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Id.* (citing *Twombly*, 550 U.S. at 555). But the court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). As set forth in *Iqbal*:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Id*. (internal citations, quotation marks, and alteration omitted). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Here, Plaintiff's complaint does not comply with Rule 8 because it does not include a short and plain statement showing that Plaintiff is entitled to relief. The complaint sets forth

various allegations about seemingly unrelated issues such as check fraud and "embezzlement," the mining of "blood diamonds" in several African countries, and Plaintiff's being placed in a special housing unit. Moreover, Plaintiff sues numerous defendants, but he does not allege facts explaining how any of the defendants were involved in violating his rights. The Court therefore dismisses the complaint for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff 30 days' leave to replead his claims in an amended complaint that complies with Rule 8 and the standards set forth below.

**B.    Improper Joinder**

Rules 18 and 20 of the Federal Rules of Civil Procedure govern joinder of claims and parties, respectively. Rule 18(a) permits a plaintiff to join as many claims as he has against a particular defendant. *See* Fed. R. Civ. P. 18(a). By contrast, under Rule 20, a plaintiff may not pursue unrelated claims against multiple defendants. *See* Fed. R. Civ. P. 20(a)(2); *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 167 (S.D.N.Y. 2009) (holding that "the mere allegation that Plaintiff was injured by all Defendants is not sufficient [by itself] to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a)" (internal quotation marks and citation omitted, alteration in original)). Rule 21 of the Federal Rules of Civil Procedure provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21.

Here, Plaintiff attempts to assert unrelated claims against numerous different defendants. For example, he sues various officials and private individuals across two different correctional facilities, and he alleges facts about disparate events such as a forged check at yet another correctional facility, diamond mining in Africa, and his being placed in a special housing unit at an unidentified correctional facility.

The Court grants Plaintiff leave to file an amended complaint concerning one of the incidents he details in his current complaint. Plaintiff's amended complaint must comply with Rules 18 and 20 governing joinder and parties. If Plaintiff wishes to pursue the other claims, he must bring those claims by filing separate new civil actions that comply with Rules 18 and 20.

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid Section 1983 claim, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil

judgment is entered.

SO ORDERED.

  Dated:    August 21, 2024
            New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                     Chief United States District Judge